STRAUSS ET, PLAINTIFF, *v.* ZAVODNY, DEFENDANT.

Bedford Municipal Court, Cuyahoga County.

No. 1794.   Decided April 25, 1964.

*Mr. Alan S. Sims* of *Messrs. Ulmer, Berne, Laronge, Glickman & Curtis*, for plaintiff.
*Mr. Albert M. Heavilin*, for defendant.

ZINGALES, J. This matter came on for hearing upon the pleadings and upon the evidence adduced at the trial on the 17th day of April, 1964, the Plaintiffs, Edwin A. Strauss and Aetna Insurance Company alleging that the Defendant, Joseph John Zavodny, through his careless and negligent conduct in the operation of a motor vehicle, was the direct and proximate cause of damage to Plaintiff Strauss' automobile in the amount of THREE HUNDRED TEN AND 32/100 DOLLARS ($310.32).

The Court finds that the uncontroverted facts are as follows:

1. That Plaintiff Strauss resides on Brentwood Road in the Village of Beachwood, Ohio, and that said road runs generally in a North-South direction.

2. That on or about January 19, 1960, at or about 8:20 A. M. said Plaintiff drove his car forward out of his driveway to enter upon said roadway and proceed to his destination.

3. That there was a row of bushes approximately 5 feet in height capped with snow the length of the southerly side of his driveway.

4. That snow was falling and visiblity was very poor.

5. That there was a distance of 4 feet from the westerly end of the aforementioned bushes and Brentwood Road, said 4 foot area consisting of sidewalk and lawn.

6. That the Plaintiff proceeded beyond the westerly end of said bushes, over said 4 foot area, and projected his automobile seven feet into said Brentwood Road to exact an uninterrupted view of northerly bound traffic.

7. That the said Brentwood Road has an overall width of 18 feet from curb to curb apportioning 9 feet on each side of

the center line for vehicles using the easterly side of the road and 9 feet for vehicles using the westerly side of said road.

8. That the said Plaintiff's daughter was a passenger in his automobile.

9. That said Plaintiff saw Defendant Zavodny's vehicle driving north at a point of 150 to 175 feet south of said Plaintiff's position.

10. That when said Plaintiff saw said Defendant's automobile it was skidding toward him from the aforementioned distance.

11. That Plaintiff immediately shielded his daughter from the impending impact and made no attempt to remove his automobile from the hazardous position that it was in.

12. That said Defendant hugged the easterly curb and tried to jump over the curb in order to avoid the collision with Plaintiff's automobile which followed.

13. That said Plaintiff went immediately into his home and returned with a movie camera with which he took movies of the damaged vehicles, which movies were shown to the Court.

14. That the condition of Brentwood Road was icy and covered with snow.

15. That said Defendant was at that time the Service Director for said municipality of Beachwood and had reason to know or should have known the hazardous condition of the roadway.

16. That as a result of the collision between the automobiles of the Defendant and Plaintiff Strauss, said Plaintiff's vehicle sustained damages in the extent of $310.32.

17. That Plaintiff, Aetna Insurance Company was the insurer of Plaintiff Strauss' damaged vehicle and paid to the credit of its insured the sum of $260.32, and took an assignment of and became subrogated to the rights and causes of action of its insured against the said defendant to the extent of said payment.

18. That Plaintiff Strauss has sustained damages in the amount of $50.00.

There is a redundance of case law towards the proposition that the degree of diligence which one must observe in the performance of his common-law duty to use care to prevent damage or injury to others is ordinary, reasonable, or due care, and

the acts of both parties are measured by this standard. What constitutes ordinary care necessarily varies with the facts and circumstances of each particular case. (39 Ohio Jurisprudence [2d], p. 503.) Negligence is not absolute or intrinsic, but always relative to some circumstance of time, place, or person, and therefore what constitutes negligence and what a person should do in the exercise of ordinary care depends entirely upon such facts and circumstances. (39 Ohio Jurisprudence [2d], p. 507.)

There is no question that the defendant herein owed the Plaintiff Strauss ordinary care, and, had he done so, would have avoided the ensuing collision. The due care which the Defendant should have exercised was to have operated his motor vehicle at such a speed as to be able to stop it taking into consideration all the circumstances such as the declining roadway and the snow covered icy condition thereof. As was pointed out hereinabove, however, the acts of *both* parties are measured by the same ordinary, reasonable, or due care standard. It is a fact that the Defendant was the Service Director of the Village of Beachwood at the time this action arose, knew the roadways therein well, and knew or should have know the hazardous condition of the roadway since on the day of the accident he was driving about said municipality for the express purpose of locating icy and snow covered streets therein for remedial or corrective measures. It is also a fact, however, that the Plaintiff Strauss had lived on Brentwood Road for ten years and knew in very minute detail the topography of said Road and its hazardous condition in the snowy season.

It will be remembered that on the morning of the collision in question, Plaintiff Strauss started out of his driveway, forward. The hedges which were approximately five (5) feet in height were snow capped and blocked his view to the left. In addition the visibility was poor caused by falling snow and he could not command a clear view of oncoming traffic from his left until he cleared the edge of the hedges at the sidewalk or an area four feet before reaching the curb. For reasons known only to himself, Mr. Strauss chose not to stop between the hedges and the curb but chose to proceed into the eighteen foot roadway to a point seven feet distant from the curb line. Though he saw the Defendant's automobile skidding toward him from a

point 150 feet or more to his left he did nothing to remove his own vehicle from the path of said Defendant's vehicle.

The Court is of the opinion that the Plaintiff Strauss, by his actions, has himself also been guilty of negligence which contributed to the resulting damage to his automobile and that by the exercise of ordinary care by him the consequenes of the negligence complained of in this matter would have been avoided.

It is one of the fundamental rules of common law that there can be no recovery for injuries (or damages) where it appears that the person injured (or damaged) was guilty of contributory negligence; that an adult person capable of self control cannot recover for injuries occasioned by negligence, where he has himself also been guilty of negligence which contributed to the result; that where the carelessness of the Plaintiff, as well as that of the Defendant, operates directly to produce the injuries complained of, the Plaintiff has no right to recovery. (39 Ohio Jurisprudence [2d], pp. 622, 623.) Contributory negligence bars recovery even though the negligence charged to the Plaintiff is slight in comparison with the negligence of the Defendant. (39 Ohio Jurisprudence [2d], p. 627.)

This Court finds that the Plaintiff Strauss did not exercise that degree of care which an ordinarily reasonable and prudent person would exercise for his own safety and protection, when he drove his automobile out of his drive and into a main thoroughfare in the manner that he did and under the circumstances that prevailed. The law is abundantly clear that a person must conduct himself as an ordinarily prudent person would, under the same or similar circumstances or be guilty of contributory negligence. (39 Ohio Jurisprudence [2d], p. 635.)

The standard of ordinary care is in law, an unvarying one, but manifestly, what action or inaction will amount to ordinary care depends on the facts and circumstances of each particular case.

The Court finds therefore that Plaintiff Strauss' actions and inaction under the facts and circumstances of this case are not those of an ordinarily prudent person under the same or similar circumstances and displayed a lack of ordinary care, and, therefore, the prayer of the said Plaintiff's petition is denied and judgment rendered for the Defendant accordingly.

Counsel for Plaintiff will prepare the appropriate entry for filing in this matter and this opinion is ordered filed as part of the record herein.